## Bagaj Estate

*John A. McGlade* and *Anderson & Anderson,* for petitioner.

*Paul N. Barna,* for claimant.

GIBSON, P. J. (C. P. of Washington County, specially presiding), September 17, 1948.—This case comes before the court for the purpose of distributing the fund of $2,605 paid into court as the result of partition proceedings partitioning property which was owned by Stiven Bagaj at the time of his death.

Some questions having arisen regarding liens against the property partitioned, George W. Weaver, Esq., was appointed an auditor to make an examination

of title and report. He reports an unsatisfied mortgage which appears to have been paid and for which he submits and files a satisfaction which is in the file papers and is to be recorded. Also, unpaid taxes for the year 1947. There are also claims for expenses. No question arises regarding any of these.

A claim is made by Harry Applebaum on a judgment note dated December 29, 1930, for the sum of $400, payable on demand, with interest and a 10 percent attorney's fee for collection. Judgment was entered on this note on January 14, 1931, against Sif Bagaj, alias Stiven Bagaj, and Meri Bagaj. There appears to be no question that defendant, Sif Bagaj, is the same person as Stiven Bagaj, and that Meri Bagaj was his wife.

Defendant, Stiven Bagaj, died intestate November 14, 1932, leaving to survive him his widow, Meri Bagaj, and their several children.

By amicable scire facias filed at no. 760, August term, 1936, on August 17, 1936, this judgment was revived against Mary Bagaj, who appears to be the same person as Meri Bagaj. It was not revived as against Stiven Bagaj in that name or any alias. Neither was it revived as against any personal representative of his or any of his children.

Meri Bagaj, the widow, on May 2, 1936, was married to Charles Uram, and died intestate on March 2, 1946, being at that time a legal resident of Westmoreland County, and leaving to survive her her husband, Charles Uram, and several children of herself and Stiven Bagaj.

One of her sons, under the name of George J. Bagay, on December 9, 1946, took out letters of administration on the estate of Mary Uram or Bagaj, also known as Meri Bagaj, which letters were revoked by the Register of Wills of Washington County, Pa., on May 26, 1947, it having been made to appear to him by petition of

the administrator that the residence of Mary Uram at the time of her death was Westmoreland County.

In the meantime, to wit, December 30, 1946, Harry Applebaum had caused a præcipe for a summons in assumpsit to be filed in the Court of Common Pleas of Washington County, at No. 174, February term, 1947, against George J. Bagay as administrator of the estate of Mary Uram, with the various aliases, with a direction to index the same in the judgment indices in accordance with the Fiduciaries Act of June 7, 1917, P. L. 447. The proceeding ends there, except that at the hearing held before the orphans' court it appears that this was a method adopted for the continuance of the lien of the original judgment as revived against Meri Bagaj at no. 760, August term, 1936. Service of this summons was accepted by the attorney for the administrator.

Partition proceedings, which resulted in the fund now for distribution, were instituted on September 8, 1947, at the above number and term.

A question arises whether or not plaintiff, Harry Applebaum, has preserved his lien against the share which Meri Bagaj, the widow, inherited from her husband. In dealing with claims against the estate of a decedent, the Fiduciaries Act of 1917, P. L. 447, with its several amendments, the same having been amended by Act of May 23, 1945, P. L. 861, provides the only method by which liens can be continued after one year from the death of decedent against the real estate of such decedent. These provisions are contained in the several subdivisions of section 15 of the Fiduciaries Act. As to debts not of record, the act provides for an action brought against the personal representative and the indexing of the same in the judgment index within one year after the death. As to judgments or debts of record, other provisions are made, and a

distinction is made between those which are liens at the date of death and those which are not.

By clause (f) of this section of the act, it is provided that judgments which were not liens on the real estate of decedent by entry or revival, by due process of law, within five years prior to the death of such decedent, shall not be revived as liens of record against real estate by the death of decedent, but shall rank and be treated simply as ordinary debts not of record; "and the lien thereof shall be continued, after the expiration of one year from the decease of such debtor, only by writ of scire facias to revive, issued within one year after the death of the decedent, indexed as provided in clauses (a) and (d) of this section, and duly prosecuted to judgment." The proceeding is statutory and only by this method may a debt of record be extended as to its lien. It is clear that no action in assumpsit should be brought because there has already been recovered a judgment for this debt and only revival is necessary to make this fixed judgment a continuing lien which may be preserved by revival from time to time.

It is clear there is no revival of the lien against the real estate of Stiven Bagaj, and since the lien of the original judgment, as revived at no. 760, August term, 1936, against Meri Bagaj, has not been revived, continued or extended in any way by the only proceeding authorizing the extending of this lien to the real estate of Meri Bagaj at the time of her death, and this situation has continued for more than one year after her death, it follows that the claim of Harry Applebaum is not a lien as to this real estate and cannot participate in distribution of proceeds of the partition of this real estate.

There may be another question regarding the proceedings on the claim of Harry Applebaum. The Act of June 7, 1917, P. L. 447, sec. 2, 20 PS §341, provides

that letters of administration shall be grantable only by the register of wills of the county within which the family or principal residence of decedent was at the time of his decease.

The Register of Wills Act of June 7, 1917, P. L. 415, sec. 3, 20 PS §1861, provides that the register shall have jurisdiction, within the county for which he was elected or appointed, of the granting of letters of administration; "and the act of any register in any matter whereof another register has the exclusive jurisdiction shall be void and of no effect".

At the time the cautionary action in assumpsit was begun against the administrator, there was no legally appointed administrator and thereafter this appointment was revoked. It has been suggested, therefor, that there is no validity in the cautionary suit so instituted. It does not appear to us that the creditor must, at his peril, determine the legality of the act of the register of wills in appointing an administrator. In any event, the proceeding was in the county where the land was located and the indexing was done there, so that any purchaser or creditor would have notice of the claim. However, it is not necessary for us to decide this question. The claim of Harry Applebaum is refused solely because it was not a lien after one year from the death of Meri Bagaj, and therefore cannot participate in this distribution. . . .

### Decree

And now, September 17, 1948, it is hereby ordered and decreed that unless exceptions be filed hereto within a period of 15 days following the filing of this decree, that the clerk of the Orphans' Court of Washington County shall distribute the sum of $2,605 in his possession in the amounts and to the persons set forth in the foregoing opinion.